UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VLADIMIR VASILYEVICH NIKOLENKO,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>Defendant. | CASE NO. C26-5816JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Vladimir Vasilyevich Nikolenko's "emergency notice of imminent state-court proceedings and request to preserve the status quo." (Notice (Dkt. # 8).) On August 13, 2026, the court dismissed Mr. Nikolenko's complaint with leave to file an amended complaint by no later than September 11, 2026. (*See generally* 8/13/26 Order (Dkt. # 6).) Mr. Nikolenko now asks the court to (1) extend the deadline to file his amended complaint in light of his state-court criminal proceedings and (2) enjoin an August 25, 2026 readiness hearing in those criminal proceedings. (*See*

*generally* Notice.) Mr. Nikolenko represents that a jury trial in those proceedings is currently scheduled to begin on November 16, 2026. (*Id.* at 2.)

The court GRANTS Mr. Nikolenko a 30-day extension of the deadline to file his amended complaint and ORDERS Mr. Nikolenko to file his amended complaint by no later than **October 11, 2026**. The court cannot, however, enjoin the state-court criminal proceedings. Under the *Younger* abstention doctrine, federal courts must abstain from interfering with pending state-court criminal proceedings "absent extraordinary circumstances." *See Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). *Younger* abstention applies "when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Id.* (quoting *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019)) (internal quotation marks omitted). Here, (1) there is an ongoing state criminal proceeding (*see* Notice, Ex. B); (2) although Mr. Nikolenko does not identify the charges he faces, it is clear that the state has an important interest in prosecuting criminal cases; (3) there is no indication that Mr. Nikolenko cannot raise constitutional challenges in his state-court proceedings; and (4) Mr. Nikolenko seeks to enjoin the state-court proceedings. *See Bean*, 986 F.3d at 1133 (citation omitted). Furthermore, Mr. Nikolenko has made no "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* (internal

quotation marks and citation omitted). Therefore, the court DENIES Mr. Nikolenko's request to enjoin his pending state-court criminal proceedings.

In sum, Mr. Nikolenko shall file his amended complaint, if any, by no later than **October 11, 2026**. Failure to timely file an amended complaint will result in the dismissal of this action with prejudice.

Dated this 20th day of August, 2026.

JAMES L. ROBART
United States District Judge